**Leonel SOLARES; et al., Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–72476.
Agency Nos. A70–956–027, A75–704–329.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 9, 2006.*

Decided Jan. 12, 2006.

Leonel Solares, Lawndale, CA, pro se.

Irma Elizabeth Solares, Lawndale, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Oil, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before HUG, O'SCANNLAIN, and SILVERMAN, Circuit Judges.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

## MEMORANDUM **

Leonel Solares ("Solares") and Irma Elizabeth Solares, husband and wife, and natives and citizens of Guatemala, petition pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing their appeal from the Immigration Judge's order denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, *Ochave v. INS,* 254 F.3d 859, 861–62 (9th Cir.2001), and we deny the petition for review. Solares testified that he received six threatening messages from anonymous persons asking him to join the guerillas. Neither this evidence, nor any other evidence in the record, compels the conclusion that the guerillas targeted Solares, even in part, on account of actual or imputed political opinion. *See INS v. Elias–Zacarias,* 502 U.S. 478, 483, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992) (holding that attempted recruitment by guerillas is not, per se, on account of political opinion).

Accordingly, substantial evidence supports the BIA's determination that petitioners did not suffer past persecution, and do not have a well-founded fear of future persecution, on account of a protected ground.

Because petitioners failed to prove eligibility for asylum, they necessarily failed to meet the more stringent standard for withholding of removal. *See Ochave,* 254 F.3d at 868.

Petitioners also failed to establish eligibility for CAT relief because they did not show it was more likely than not that they would be tortured by authorities or indi-

---

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

viduals acting in an official capacity if they returned to Guatemala. *See* 8 C.F.R. § 208.16(c)(2); *Kamalthas v. INS,* 251 F.3d 1279, 1284 (9th Cir.2001).

The voluntary departure period was stayed, and that stay will expire upon issuance of the mandate. *See Desta v. Ashcroft,* 365 F.3d 741, 750 (9th Cir.2004).

The petitioners' contention that some of the IJ's comments demonstrated bias is unavailing, because the BIA issued a separate decision and accepted the petitioners' testimony as true for purposes of its analysis.

PETITION FOR REVIEW DENIED.

---

* The Honorable Terry J. Hatter, Jr., Senior United States District Judge for the Central District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.